Dye, J.
(dissenting). I concur with all that Judge Fuld has said and would like to add that in this case, as in others, where a court-made rule has gained veneration by long user (Bing v. Thunig, 2 N Y 2d 656; Woods v. Lancet, 303 N. Y. 349 [cf. comments by Desmond, Ch. J., in dissenting opinion, People v. Lane, 10 N Y 2d 347]), it does not necessarily follow that such a rule should be interposed to give a benediction to a patently unconstitutional gift of over $42,000,000 of the State’s money to a private corporation (N. Y. Const., art. VII, § 8; Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293, 311). If a choice is to be made between constitutional observance and a rule such as Doolittle v. Supervisors of Broome County (18 N. Y. 155) and Schieffelin v. Komfort (212 N. Y. 520), the choice should and must be the Constitution. Further, our State government operates under a tripartite system pursuant to a constitutional form, which is reason enough for each branch of the government to be mindful of its mandate. The Doolittle rule has been widely criticized for reasons far less compelling than those presented by the facts of this case. Early in our history the courts favored the taxpayer. While we have come a long way since then, it is not too late to reinstate the dignity of the taxpayer. When wrong is threatened or actually accomplished, every taxpayer suffers a loss, for in the end it is his pocketbook that must bear the ultimate burden. The personal monetary interest *82 should not be the test, but whether, in fact, the Constitution of the State of New York is being flouted.
It is well settled that no person has a vested interest in any rule of law entitling him to insist that it shall remain unchanged for his benefit (New York Cent. R. R. Co. v. White, 243 U. S. 188; Munn v. Illinois, 94 U. S. 113; I. L. F. Y. Co. v. City Bent & Rehabilitation Administration, 11 N Y 2d 480; I. L. F. Y. Co. v. Temporary State Housing Bent Comm., 10 N Y 2d 263). I am not at all convinced that the racetracks of New York have such a vested interest in the Doolittle rule as to prevent testing the constitutionality of section 45-a of the Pari-Mutuel Revenue Law (added by L. 1956, ch. 837), a question which we expressly left open in Matter of Roosevelt Raceway v. Monaghan (supra).
For these reasons I vote to reverse the judgment appealed from.
Chief Judge Desmond and Judges Foster and Scileppi concur with Judge Burke ; Judge Fuld dissents in an opinion in which Judges Dye and Van Voorhis concur, Judge Dye in a separate opinion.
Judgment affirmed.